**VIRGINIA SURETY COMPANY, INC., Plaintiff,**

v.

**AMERICAN EUROCOPTER CORPORATION; Textron Lycoming–Williamsport Division; John Does 1–10; Doe Corporations 1–10, Defendants.**

**Civil No. 95–00717 SPK.**

United States District Court, D. Hawai'i.

May 15, 1996.

Peter T. Kirchen, Kern and Wooley, Los Angeles, CA, Calvin E. Young, Ayabe Chong Nishimoto Sia & Nakamura, Honolulu, HI, for Virginia Surety Company, Inc.

David W. Proudfoot, Belles Graham & Proudfoot, Lihue, HI, Philip L. Johnson, Lillick & Charles, Long Beach, CA, for American Eurocopter Corporation.

Burnham H. Greeley, Kimberly Ann Greeley, Greeley Walker & Kowen, Honolulu, HI, for Textron Lycoming–Williamsport Division.

*ORDER GRANTING DEFENDANT AVCO'S (Erroneously Identified as Textron Lycoming–Williamsport Division) MOTION FOR SUMMARY JUDGMENT AND GRANTING AMERICAN EUROCOPTER CORPORATION'S MOTION FOR SUMMARY JUDGMENT*

SAMUEL P. KING, District Judge.

## I. OVERVIEW

Defendant Avco Corporation (erroneously identified as Textron Lycoming, but hereinafter referred to as "Avco") brought a motion for summary judgment against Plaintiff Virginia Surety Company, Inc. ("Plaintiff" or "Virginia Surety"). Defendant American Eurocopter ("AEC") subsequently brought its motion for summary judgment against Plaintiff Virginia Surety as well. A hearing was held on May 9, 1996, on both motions. For the reasons set forth below, this court GRANTS both Defendants' motions for summary judgment.

## II. FACTUAL BACKGROUND

This diversity action in subrogation was brought against Defendants Avco and AEC based on negligence, strict liability and

breach of warranty. Plaintiff Virginia Surety is the insurer for Hawaiian Heli–Jet which owned the helicopter that crashed on August 11, 1994. There are no claims in this action for personal injuries, but the helicopter sustained approximately $380,000 in total property damage.

Heli–Jet purchased the helicopter frame and engine and components as a single product from Defendant AEC.[1] Plaintiff alleges that Defendant AEC manufactured the helicopter hull and that Defendant Avco manufactured the engine. Avco manufactured the engine in 1984, then in 1986 issued a service information notice which suggested that the "old style" Pg fittings be replaced with new steel ecolube Pg fittings. The notice also stated that if Avco overhauled the engine, then the fittings would be replaced.

Plaintiff contends that the cause of the accident was a cracked Pg accumulator fitting on the power turbine governor. Plaintiff asserts that the fitting should have been replaced with a new steel ecolube fitting when Avco last serviced the engine in December 1991.

Plaintiff added that Avco overhauled the engine in 1989 and again on December 16, 1991. The last overhaul was apparently performed just prior to the engine being shipped to AEC where it was installed in the helicopter. Plaintiff also stated that around the same time, AEC changed the power turbine governor.

After the helicopter crashed, Plaintiff filed its complaint in subrogation for negligence, strict liability, and breach of warranty. Plaintiff is alleging that the accident was caused by a defectively manufactured fitting and that the old fitting should not have been on the power turbine governor. Thus, Plaintiff contends that Avco negligently failed to install the new fitting or that Avco removed and replaced the fitting with old ones when AEC changed the power turbine in 1991.

Defendant Avco argues that it should now be granted summary judgment on the basis that Plaintiff's tort claims are based solely upon damage to the helicopter and are therefore barred by the economic loss doctrine articulated in *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 106 S.Ct. 2295, 90 L.Ed.2d 865 (1986). Furthermore, Defendant Avco requests that it be granted summary judgment as to Plaintiff's breach of warranty claims. Defendant AEC submitted a statement of no opposition to Avco's motion.

Defendant AEC filed its own motion for summary judgment. AEC's arguments are essentially the same. On March 4, 1994, AEC entered into a Purchase Agreement with Northwest Helicopters to sell a used helicopter. Brian Reynolds, president of Northwest, signed the Purchase Agreement. AEC states that the helicopter was sold "AS IS" and the contract stated "NOTE: NO WARRANTY APPLICABLE." *See* Exhibit A to Robert S. Baldwin's Affidavit in AEC's Motion.

On March 31, 1994, Brian Reynolds, on behalf of AEC, executed a Purchase Agreement Amendment, in which the name of the buyer was changed from Northwest to Heli–Jet, while all other terms remained the same. Reynolds signed the addendum as Heli–Jet's president as well. AEC argues that the economic loss doctrine applies equally to AEC and that the purchase agreements clearly disclaim any liability under warranty.

## III. DISCUSSION

### A. Economic Loss Doctrine

■ Both Defendants Avco and AEC argue that they should be granted summary judgment as to Plaintiff's causes of action for negligence, strict liability, and failure to warn (the "Tort Claims"). Defendants rely on the economic loss doctrine, which has not been adopted by Hawaii courts, but would operate to preclude recovery in tort for damage to Plaintiff's helicopter.

---

1. Plaintiff stated in its Memorandum in Opposition to Defendant Textron's Motion that the helicopter and engine were never sold as integrated parts. However, Plaintiff previously stated in paragraph 12 of its Complaint that Defendant AEC assembled and sold the helicopter to Plaintiff. For the purposes of these motions, the helicopter hull and engine are considered to be one product.

The economic loss doctrine precludes recovery in tort of economic damages caused by a defective product in the absence of personal injury or property damage other than damage to the product itself. In such an instance, a party must recover under contract law. "A manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 871, 106 S.Ct. 2295, 2302, 90 L.Ed.2d 865 (1986).

Hawaii's courts have not yet ruled on the doctrine's applicability in Hawaii. In *Onsite/Molokai Ltd. Partnership v. General Electric*, 838 F.Supp. 1390 (D.Hawai'i 1992), Judge Fong wrote that *East River* "is so convincing and well-grounded in the relevant policy considerations that this court believes that the Hawaii Supreme Court would adopt [the doctrine]."

While Plaintiff notes that Hawaii has not yet adopted the doctrine, it also does not provide an adequate argument for why Hawaii would reject it. Rather, Plaintiff relies on a California case on the doctrine but does not explain the law. California follows a modified version of the doctrine. In the case of strict products liability, the California doctrine bars recovery of purely economic losses such as lost profits, but permits recovery for the economic loss of damage to the product itself. *Sacramento Regional Transit Dist. v. Flxible*, 158 Cal.App.3d 289, 204 Cal.Rptr. 736, 738 (1984). Plaintiff did not cite any California cases that extend the exception to negligence claims. The *East River* rule cannot be reconciled with the California rule.

Plaintiff proposes a minority exception that would consider how suddenly the damage occurred in deciding whether the damage should be encompassed under tort law. This is an irrelevant consideration when the only concern created by the majority rule is the type of damage sustained. Thus, this court agrees with *Onsite/Molokai* and believes that the Supreme Court of Hawaii would adopt the *East River* approach, and applies it to this case.

Plaintiff argues that the engine and the hull of the helicopter are separate and distinct components. In its Memorandum in Opposition to Avco's Motion, Plaintiff asserts that the economic loss doctrine will not apply when the defective product damages "other property." However, when asked to hold that component parts constitute separate products, the *East River* court explained,

Since all but the very simplest of machines have component parts, [a contrary] holding would require a finding of 'property damage' in virtually every case where a product damages itself. Such a holding would eliminate the distinction between warranty and strict products liability.

*East River* at 867, 106 S.Ct. at 2300. This court finds that the helicopter and engine, along with the fitting, constitute a single product for the purposes of the economic loss doctrine.

Plaintiff also argues that *East River* is inapplicable because its cause of action is for negligent performance of a service. Plaintiff misconstrues the holdings in the four cases that it cites for the proposition that the doctrine does not apply to negligently performed services.

There are a number of cases where courts addressed the doctrine in the context of services negligently performed under a contract. In all but one, the courts extended the *East River* doctrine to include negligently performed services. *Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752 (5th Cir.1989) (admiralty case holding that the doctrine applies equally to professional services which are a part of the manufacture or construction of a product); *AFM Corporation v. Southern Bell*, 515 So.2d 180 (Fla.1987); *McDonough Equip. Corp. v. Sunset Amoco West, Inc.*, 669 So.2d 300, 302 (Fla.App.1996); *Thomson v. Espey Huston & Assoc.*, 899 S.W.2d 415, 422 (Tex.App.1995).

However, in *Apollo Group, Inc. v. Avnet, Inc.*, 58 F.3d 477 (9th Cir.1995), the Ninth Circuit applied Arizona law and indicated that if the transaction was a contract for services, then the doctrine would not apply. "To escape the preclusive effect of the 'economic loss' rule, Apollo nevertheless seeks to recast the transaction at issue as a contract to provide services, falling outside Arizona's

Uniform Commercial Code." *Id.* at 480. The *Apollo* court found that the transaction fell within the scope of Article 2 and was barred by the doctrine.

Similarly, this case requires a determination of whether the agreements between Plaintiffs and Defendants involved the sale of services or goods or both. Hawaii has not yet provided a rule to determine whether a contract is for sale or services. This court thus looks to the "essence of the agreement." *RRX Indus., Inc. v. Lab–Con, Inc.*, 772 F.2d 543, 546 (9th Cir.1985). "When a sale predominates, incidental services provided do not alter the basic transaction." *Id.*

It appears from the papers that there was one purchase agreement solely for the sale of the used helicopter as one product. The Avco service bulletin did suggest that the Pg fitting be replaced, and that Defendant Avco would replace it during the next maintenance of the engine. This, however, does not automatically constitute a service contract between Heli–Jet and Avco. It is clear, however, that the heart of the transaction between Heli–Jet and Defendant AEC was the sale of the helicopter and engine as a single product. Plaintiff suffers only pecuniary injury as a result of the alleged conduct by Defendants and is limited to recovery under the law of contract. Thus, the doctrine applies to the tort actions in this case, barring any cause of action in tort and strict liability.

Therefore, this court holds that Defendant Avco's and Defendant AEC's Motions for Summary Judgment with regard to the tort claims are GRANTED.

### B. *Breach of Warranty Claims*

Plaintiff alleges Breach of Express and Implied Warranty claims against both Defendants. Plaintiff's breach of warranty claims against each Defendant are identical, and allege that the Defendants were involved in the sale of its products; that the Defendants warranted that the Aircraft and its components and sub-components would be of merchantable quality, fit for its intended purposes, and would otherwise comply with reasonable expectations and standards in the aviation community; that the helicopter was not fit for its intended purpose; and that the

helicopter was in such a condition as to breach the express and implied warranties attendant to the sale of the helicopter by Defendants. *See* Complaint ¶¶ 26–30 and 39–43.

### 1. *Defendant AEC*

 Defendant AEC sold the helicopter to Northwest (and later transferred ownership to Heli–Jet) as a used unit in 1994. AEC argues that it sold the helicopter to Heli–Jet without any express or implied warranties. The original purchase agreement notes that the helicopter was being sold "AS IS" and without other warranties.

Whether a disclaimer of warranties is conspicuous is not simply a matter of measuring the type size or looking at the placement of the disclaimer within the contract. The standard is that a reasonable person in the buyer's position would not have been surprised to find the warranty disclaimer in the contract, and relevant factors are the sophistication of the parties and the circumstances of the negotiation and signing. *Sierra Diesel Injection Service, Inc. v. Burroughs Corp., Inc.*, 890 F.2d 108 (9th Cir.1989). Hawaii Revised Statutes § 490:2–316 clearly provides that such a provision would disclaim all implied warranties.

Plaintiff asserts in its Reply that there exists an issue of fact regarding an express warranty as to the airworthiness of the helicopter. Plaintiff relies on an Eighth Circuit case which interpreted an "as is" clause to disclaim implied warranties, but found the airplane's logbook to constitute an express warranty of airworthiness and remain intact. *Limited Flying Club, Inc. v. Wood,* 632 F.2d 51 (8th Cir.1980).

This court makes no conclusion as to whether the logbook created an express warranty of airworthiness. Plaintiff provided no evidence that AEC supplied the Pg fitting which allegedly caused the crash. Counsel for Plaintiff agreed that the only warranty that AEC would have given Plaintiff was that the helicopter met FAA regulations. Plaintiff did not allege that AEC failed to meet FAA regulations and therefore no breach of warranty cause of action exists against AEC.

### 2. *Defendant Avco*

 Plaintiff maintains in its Memorandum in Opposition to Defendant Avco's Mo-

**1218**

tion that Hawaii's adopted version of the Uniform Commercial Code is inapplicable because H.R.S. § 490:2–725 applies to breach of contract for sales. Plaintiff argues, however, that Defendants warranted its *repair and/or services*. *See* Plaintiff's Memorandum in Opposition to Avco's Motion at 11. Counsel for Avco stated that, as manufacturer, any warranty would run only to the first buyer. Thus, Plaintiff would not be subject to a warranty since the helicopter was purchased in used condition.

Plaintiff would contend that the warranty claims are therefore not barred by the economic loss doctrine. *See Apollo* at 481. It appears, however, that Plaintiff's breach of warranty claim against Avco arises from Avco's provision of services, and not from the sale of the helicopter engine. Thus, as counsel for Avco noted, the only claim appears to sound in negligence, and is precluded by *East River.*

The service bulletins that Avco distributed do not suffice to transform the transaction between Plaintiff and Avco into a purely service-based contract. The transaction falls under Hawaii's statutes governing the sale of goods. It appears that Plaintiff is trying to skirt the economic loss doctrine by creating a breach of warranty cause of action to replace its tort claims. Plaintiff, as in *Apollo,* essentially complains that it did not receive the anticipated benefit of its bargain. "[L]oss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of its bargain— traditionally the core concern of contract law." *East River* at 870, 106 S.Ct. at 2302.

Furthermore, as this court finds that any contract between Heli–Jet and Defendants for the sale of the engine and/or helicopter would be governed by Hawaii Revised Statutes Chapter 490, the four year statute of limitations would apply. H.R.S. § 490:2–725. Hawaii Revised Statute § 490:2–725(1) covers breach of contracts for sale and allows suit up to four years from the date of tender of delivery. The documents support Avco's statement that more than four years have passed since Avco tendered delivery of the engine.

Defendant also provided copies of the warranties which were applicable at the time of the sale. *See Holliday v. Bell Helicopters Textron, Inc.* 747 F.Supp. 1396 (D.Hawai'i 1990). The court agrees with Avco that the warranties which were provided with the engine have expired. The maintenance log of the engine reflects that the engine's operating time exceeded 1000 hours when it was sold to Plaintiff's subrogee. The warranties have therefore lapsed since 1000 hours was the maximum time period for the warranties.

As stated in both *East River* and in *Apollo,* contract law is available for damages such as the type Plaintiff is seeking. Therefore, this court holds that Defendant Avco's and Defendant AEC's Motions for Summary Judgment with regard to the breach of warranty claims are also GRANTED.

## IV. CONCLUSION

For the foregoing reasons, Defendant Avco Corporation's (erroneously identified as Textron Lycoming–Williamsport Division) Motion for Summary Judgment and Defendant American Eurocopter Corporation's Motion for Summary Judgment are GRANTED.

IT IS SO ORDERED.