239 N.J. Super. 201 (1990)
570 A.2d 1282
RONALD CHERNOW, PLAINTIFF-APPELLANT,
v.
ANGELO REYES AND MARC IV, INC., D/B/A THE COMMUNICATION PROFESSIONAL GROUP, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1989.
Decided March 8, 1990.
*202 Before Judges ANTELL, BILDER and ARNOLD M. STEIN.
David Sapiro argued the cause for appellant (Sapiro & Gottlieb, attorneys; David Sapiro on the brief).
Robert R. Levinson argued the cause for respondents.
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Plaintiff appeals a non-jury verdict of no cause for action entered in favor of Angelo Reyes, his former employee, and Marc IV, Inc., Reyes' solely-owned corporation. We reverse because the soliciting and performance of competitive work during his employment constituted a breach by defendant Reyes of the implied covenant of loyalty and good faith owed to plaintiff, his employer.
Plaintiff is in the business of auditing telephone bills. An audit is first made to determine whether the customer's telephone equipment is in place, and is properly billed and in working order. Telephone bills are then checked against approved tariffs to see if there are any overcharges. Plaintiff usually receives 50% of all overcharge refunds returned to the customer by the telephone company.
On October 4, 1982, plaintiff employed defendant as an auditor. Defendant had been working as an equipment installer for New York Telephone Company where he became familiar with the equipment and services offered by telephone companies. Defendant had never previously engaged in auditing work. The agreement of hire was oral; no express restrictions against competition were imposed as a condition of employment. Defendant did not perform any sales work for plaintiff, who had a sales force which solicited prospective customers.
*203 According to defendant, he became disenchanted with his employment prospects early in 1983. Plaintiff refused to renegotiate defendant's salary and showed no interest in defendant's suggestions to broaden the scope of the existing business. Defendant determined to make his livelihood elsewhere. His predeparture activities are the focus of this lawsuit.
Defendant continued to work for plaintiff until the week of July 12, 1983. The circumstances of his departure are in dispute. Plaintiff claims that he fired defendant because defendant did not cooperate with coemployees. Defendant claims that he quit or that the employment relationship ended by mutual agreement following a heated argument with plaintiff. The reasons plaintiff left are not important. What is important is what he did before he left.
Defendant first acquired sole ownership of a corporation which he had formed with others in December 1982. He then copied plaintiff's retainer agreement form for clients and the authorization letter permitting examination of the client's telephone company records. Defendant then solicited and performed telephone auditing services for several companies. All this was done, of course, without plaintiff's knowledge. Defendant's clandestine efforts resulted in his obtaining three auditing contracts and the performance of work for these companies before he left plaintiff's employ. He also solicited a fourth account, United Engineering Trustees (UET), during his employment with plaintiff, but performed no work for UET until after the employment ended.
The trial judge accepted defendant's testimony that he did not attempt to solicit any of plaintiff's customers. She also found that defendant did not slacken his work efforts for plaintiff during the regular 9 to 5 workday, and that defendant's soliciting and auditing activities were conducted at night and on weekends, lunch hours and vacation days. We see no reason to disturb these findings which are amply supported by *204 the record below. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974).
The trial judge concluded that plaintiff was not entitled to recover damages because
while the businesses the defendant solicited work from and performed work for before leaving the plaintiff, might have been considered to be part of a potential pool of businesses plaintiff could have been competing for, there is no evidence ... that .. . these businesses were either then clients of the plaintiff or ... were within the pool of businesses he was soliciting.
She also determined that defendant's conduct "did not hinder the plaintiff in any way in plaintiff's business."
We conclude that defendant's tapping of plaintiff's potential customer pool is actionable. This identifiable pool of potential business was off-limits to defendant while he remained on plaintiff's payroll. Defendant could neither solicit these prospective customers nor perform any telephone auditing services for them, even during off-work hours.
An employee owes a duty of loyalty to the employer and must not, while employed, act contrary to the employer's interest. Auxton Computer Enterprises, Inc. v. Parker, 174 N.J. Super. 418, 425, 416 A.2d 952 (App.Div. 1980). During the period of employment, the employee has a duty not to compete with the employer's business. United Board & Carton Corp. v. Britting, 63 N.J. Super. 517, 524, 164 A.2d 824 (Ch.Div. 1960), aff'd 61 N.J. Super. 340, 160 A.2d 660 (App.Div. 1960), certif. den. 33 N.J. 326, 164 A.2d 379 (1960) (defendants, former salesmen for the plaintiff, secretly set up rival corporation while in plaintiff's employ, pirated a substantial part of plaintiff's corrugated paper business, stole customers' dies and then resigned en masse; court enjoined defendants from doing business with plaintiff's former customers for two-year period).
In Auxton Computer Enterprises, Inc. v. Parker, supra, we stated:
An employee who is not bound by a covenant not to compete after the termination of employment, and in the absence of any breach of trust, may anticipate the future termination of his employment and, while still employed, *205 make arrangements for some new employment by a competitor or the establishment of his own business in competition with his employer. The only restriction to such action is that he may not solicit his employer's customers for his own benefit before he has terminated his employment. Nor may he do other similar acts in direct competition with the employer's business. This would constitute a breach of the undivided loyalty which the employee owes to his employer while he is still employed.... It is the nature and character of the act performed that will determine if there has been an actionable wrong and whether or not the act has caused some particular injury to the employer. [174 N.J. Super. at 423-424, 416 A.2d 952; emphasis added and citations omitted].
To the same effect, see 2 Restatement, Agency 2d, § 393 at 216 (1958):
Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency.
Comment e to section 393 states:
... [b]efore the end of his employment, [the employee] can properly purchase a rival business and upon termination of employment immediately compete. He is not, however, entitled to solicit customers for such rival business before the end of his employment nor can he properly do other similar acts in direct competition with the employer's business. [emphasis added].
In finding that defendant's conduct was not actionable because it resulted in no harm to plaintiff's business, the trial judge relied upon this passage in Auxton:
It is something more than preparation [to change jobs] which is so harmful as to substantially hinder the employer in the continuation of his business. [174 N.J. Super. at 424, 416 A.2d 952].
By engaging in a competitive enterprise, defendant crossed the line drawn by Auxton between permissible preparation to change jobs and actionable conduct. Plaintiff was entitled to expect that a person on his payroll would not undertake to pursue competitive commercial opportunities. The protection accorded is not limited to the diversion of an employer's customers. It extends to pursuing and transacting business within the larger pool of potential customers who might have been solicited by the employer.
Defendant and his corporation are liable for any profits earned in a competitive business while he was employed by plaintiff. See 2 Restatement, Agency 2d, § 403 at 246 (1958) *206 (agent who receives anything of value as result of violation of duty of loyalty to principal is subject to liability to deliver it, its value or its proceeds to the principal). The agent holds such profits in a constructive trust for the principal. 2 Restatement, Agency 2d, § 403, Comment d at 247-248. Under certain circumstances not present here, we would be inclined to hold the former employee liable for all profits which resulted from competition with the employer during the term of employment, even where the profits were actually earned after employment ceased. See 2 Restatement, Agency 2d, § 393, Comment e, supra, at 218. However, we limit damages in this case. Defendant was not bound by a non-competition covenant. He was free to compete with plaintiff as soon as his employment ended. None of the money earned by defendant after his employment ended came from actual customers of plaintiff solicited by defendant during the employment period. Damages will be limited to those profits actually earned by defendant and his corporation in a competing telephone auditing business up to the time that his employment ceased.
Reversed and remanded for the fixing of damages against defendants Reyes and Marc IV, Inc., and for further proceedings consistent with this opinion. We do not retain jurisdiction.