338 F.3d 1082
 ECKARD BRANDES, INC., Counter-claimant-Appellee,
v.
Randell A. RILEY; Lee T. Kunimitsu, Counter-defendants-Appellants, and
Kamaaina Pumping, a Hawaii general partnership, Counter-defendant.
Eckard Brandes, Inc., Counter-claimant-Appellee,
v.
Randell A. Riley; Lee T. Kunimitsu; Kamaaina Pumping, a Hawaii general partnership, Counter-defendants-Appellants.
 No. 00-15474.
 No. 01-17307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 5, 2002 — Honolulu, Hawaii.
 Filed August 11, 2003.
 
 COPYRIGHT MATERIAL OMITTED Junsuke Otsuka, Law Offices of Gary Y. Shigemura, Honolulu, Hawaii, for the counter-defendants-appellants.
 Ernest H. Nomura, Kobayashi, Sugita & Goda, Lonborg, Nomura & Onaga, Honolulu, Hawaii, for the counter-claimant-appellee. relationship with employer.
 Appeal from the United States District Court for the District of Hawaii; Helen Gillmor, District Judge, Presiding. D.C. No. CV-98-00779-HG.
 Before: Mary M. SCHROEDER, Chief Judge, Arthur L. ALARCÓN, and Raymond C. FISHER, Circuit Judges.
 OPINION
 SCHROEDER, Chief Judge:
 
 
 1
 This run of the mill Fair Labor Standards Act case quickly became the unusual case of a claimed breach of the duty of loyalty owed by employees to their employer under state law, when the employees set up a competing business. The district court recognized that employees owe a duty of loyalty under Hawaii law to refrain from competing with their employer, and the court ordered the employees, Randell A. Riley and Lee T. Kunimitsu, to disgorge their profits to the employer, Eckard Brandes, Inc. ("EBI"). We affirm because the employer's claim represents a classic violation of the duty of loyalty as recognized by Section 393 of the Restatement (Second) of Agency.
 
 I. Facts and Procedural History
 
 2
 Appellee EBI is in the business of repairing and maintaining sewer pipes and other structures that convey sewage, debris, and rainwater. EBI employed Riley as a superintendent and Kunimitsu as a laborer. While still employed by EBI, Riley and Kunimitsu formed their own partnership, Kamaaina Pumping, and competed against EBI for a County of Hawaii project. Kamaaina Pumping submitted the lowest bid and the county awarded it the contract. EBI then learned that Riley and Kunimitsu were the sole partners of Kamaaina Pumping and terminated their employment.
 
 
 3
 This litigation began when Riley and Kunimitsu filed an overtime wage action in state court against EBI, claiming violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219. EBI removed to federal court and filed a counterclaim for breach of the duty of loyalty. The district court granted summary judgment for EBI on the employees' FLSA claims and the duty of loyalty claim. It concluded that the appropriate remedy for the employees' breach of the duty of loyalty was disgorgement of profits Riley and Kunimitsu made while competing with EBI. It entered judgment granting that relief and then awarded attorneys' fees and prejudgment interest to EBI. The employees appeal.
 
 II. Breach of the Duty of Loyalty
 
 4
 The primary issue on appeal is whether EBI may bring a claim under Hawaii law against its employees for directly competing against it. In deciding state law claims, we apply Hawaii law as we believe the Hawaii Supreme Court would apply it. See Gravquick A/S v. Trimble Navigation Int'l, Ltd., 323 F.3d 1219, 1222 (9th Cir.2003). We conclude that Hawaii law would recognize EBI's claim against Riley and Kunimitsu for their breach of the duty of loyalty.
 
 
 5
 It is clear under Hawaii law that employees owe their employer a duty of loyalty. See Stout v. Laws, 37 Haw. 382, 392 (1946). Although the Hawaii Supreme Court has not explicitly stated that the employer may bring a claim for a breach of this duty, Hawaii courts have recognized the authoritative nature of the Restatement (Second) of Agency. See, e.g., Hawai'i Hous. Auth. v. Uyehara, 77 Hawai'i 144, 883 P.2d 65, 72 (1994). We thus believe that the Hawaii Supreme Court would follow the Restatement in finding that such a cause of action exists.
 
 
 6
 The Restatement recognizes that "an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency." Restatement (Second) of Agency § 393. This duty extends to employees. See Restatement (Second) of Agency § 429 cmt. a. Although an employee "is entitled to make arrangements to compete" with his employer prior to terminating the employment relationship, the employee is not "entitled to solicit customers for such rival business before the end of his employment." Restatement (Second) of Agency § 393 cmt. e. The Restatement also provides that the employer may maintain an action for a violation of the duty of loyalty. See Restatement (Second) of Agency § 399.
 
 
 7
 This is the classic case the Restatement envisions. The material facts are not disputed. While still employees of EBI, Riley and Kunimitsu formed their own partnership, Kamaaina Pumping. Merely preparing to compete does not itself breach the duty of loyalty. Restatement (Second) of Agency § 393 cmt. e. When the partnership submitted a bid for a County of Hawaii drywell and culvert cleaning project, however, Riley and Kunimitsu engaged in conduct equivalent to the solicitation of customers. Id. EBI was the only other bidder, and it ultimately lost the contract to Kamaaina Pumping. Moreover, Riley and Kunimitsu executed the contract with the County of Hawaii while still employees at EBI and without EBI's knowledge. It is therefore clear from the record that Riley and Kunimitsu breached their duty of loyalty by directly competing with EBI.
 
 
 8
 Riley and Kunimitsu argue that EBI nevertheless has no claim against them because they were only low-level employees. Nothing in the Restatement indicates, however, that ordinary employees have no duty of loyalty. Further, other courts have recognized the liability of employees who are not officers or directors. See, e.g., Eaton Corp. v. Giere, 971 F.2d 136, 141 (8th Cir.1992) (concluding that a product engineer breached his duty of loyalty by soliciting his employer's customers for himself). Thus, Riley and Kunimitsu are liable.
 
 
 9
 The employees also contend that any claim EBI had is barred by Hawaii's two-year statute of limitations for torts. The district court, however, correctly applied Hawaii's six-year contractual statute of limitations to EBI's duty of loyalty claim. The six-year statute of limitations applies to "[a]ctions for the recovery of any debt founded upon any contract, obligation, or liability." Haw.Rev.Stat. § 657-1. The Hawaii Supreme Court has held that the words "obligation" and "liability" encompass actions that are hybrids of tort and contract and that primarily involve an injury to intangible property interests. See Higa v. Mirikitani, 55 Haw. 167, 517 P.2d 1, 5 (1973). A claim for a breach of an employee's duty of loyalty is such a hybrid. Under the Restatement, the employer has a cause of action either in tort or for breach of contract when the employee violates the duty. See Restatement (Second) of Agency § 403 cmt. b. Thus, section 657-1(1)'s six-year limitation period applies to EBI's claim for the breach of the duty of loyalty. See Higa, 517 P.2d at 4-5(applying the six-year limitations provision to a claim for legal malpractice that "generally arises out of a contractual relationship between the parties").
 
 III. Remedy of Disgorgement
 
 10
 The employees also challenge the district court's order requiring them to disgorge their profits from the County of Hawaii contract. We hold that the district court properly ordered disgorgement.
 
 
 11
 The Restatement supports the district court's award of disgorgement as a remedy for breach of the duty of loyalty. It provides, "If an agent receives anything as a result of his violation of a duty of loyalty to the principal, he is subject to a liability to deliver it, its value, or its proceeds, to the principal." Restatement (Second) of Agency § 403. This rule applies where the agent makes a profit from competing with the principal. See Restatement (Second) of Agency § 403 cmt. a. Although there are few reported cases addressing the appropriate remedy, those we have found have also required employees to turn over profits received as a result of breaching their duty of loyalty. See Chernow v. Reyes, 239 N.J.Super. 201, 570 A.2d 1282, 1285 (1990); W. Elec. Co. v. Brenner, 41 N.Y.2d 291, 392 N.Y.S.2d 409, 360 N.E.2d 1091, 1094 (1977).
 
 
 12
 The employees contend that the district court erred in awarding disgorgement, arguing that EBI's exclusive remedy is the procedure in the Hawaii Public Procurement Code, Hawaii Revised Statutes chapter 103D, governing procurement. This argument is unpersuasive. Although section 103D-704 of the Procurement Code provides that the Code is the "exclusive means" available for persons aggrieved in connection with the award of public contracts, Hawaii courts do not read the Procurement Code so literally or so broadly. See CARL Corp. v. Haw. Dep't of Educ., 85 Hawai'i 431, 946 P.2d 1, 29(1997). EBI's claim for breach of the duty of loyalty is not the type of grievance with which the Procurement Code is concerned. The Procurement Code addresses how Hawaii agencies are to administer public bidding to ensure that the procurement system functions fairly and with adequate accountability and fiscal responsibility. See id. EBI's claim does not concern that process, nor will the outcome of the case have any effect on the award of this contract. The Procurement Code is not relevant to EBI's claim.
 
 
 13
 The employees similarly contend that the district court lacked primary jurisdiction over this dispute. Under the doctrine of primary jurisdiction, the court may suspend review of a claim if its resolution involves issues that have been placed within the jurisdiction of an administrative body. See United States v. W. Pac. R.R. Co., 352 U.S. 59, 62, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). This dispute is not within the jurisdiction of any state administrative agency because, as we have seen, it does not involve the administration of the contracting process. There is no primary jurisdiction in any state agency.
 
 
 14
 IV. Certification to the Hawaii Supreme Court
 
 
 15
 The employees contend the district court erred in refusing to certify the duty of loyalty issue to the Hawaii Supreme Court. The decision to certify a question to a state supreme court rests in the "sound discretion" of the district court. Louie v. United States, 776 F.2d 819, 824 (9th Cir.1985) (internal quotations omitted). In the absence of controlling Hawaii Supreme Court precedent, the district court properly looked to decisions from other jurisdictions, other relevant Hawaii cases, and the Restatement to determine how a Hawaii court would resolve these issues. See Santana v. Zilog, Inc., 95 F.3d 780, 783 (9th Cir.1996). There was no abuse of discretion.
 
 
 16
 V. Award of Attorneys' Fees and Prejudgment Interest
 
 
 17
 We affirm the district court's award of attorneys' fees to EBI. Under Hawaii law, attorneys' fees are available in "all actions in the nature of assumpsit." Haw.Rev.Stat. § 607-14. In Hawaii, "assumpsit" is an action that allows for the recovery of damages arising from quasi-contractual obligations. See Schulz v. Honsador, Inc., 67 Haw. 433, 690 P.2d 279, 281 (1984). EBI's claim for breach of Riley and Kunimitsu's duty of loyalty is such an action because it arises from and is a breach of their contractual employment relationship with EBI. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 886 (9th Cir.2000) (under Hawaii law, a breach of fiduciary duty claim is in the nature of assumpsit when based on the non-performance of contractual obligations); Blair v. Ing, 96 Hawai'i 327, 31 P.3d 184, 189-90 (2001) (concluding that an action is in the nature of assumpsit where the claim arises out of the contractual relationship); Schulz, 690 P.2d at 282. Here, the implied employment contract creates the duty that gives rise to the cause of action. The duty breached is not a duty that would exist independent of the terms of any contract. Moreover, as we have previously discussed, the Restatement provides that an employer has a cause of action either in tort or for breach of contract for a breach of the duty of loyalty by his employee. This case is therefore unlike TSA International Limited v. Shimizu Corporation, 92 Hawai'i 243, 990 P.2d 713 (1999). There the court held the action was not in the nature of assumpsit because the fraud and breach of fiduciary duty claims merely related to a contract and did not involve any breach of contract. See id. at 734.
 
 
 18
 The employees argue that this is not an assumpsit action because the remedy awarded, disgorgement, is not a proper remedy for a breach of contract. Hawaii law recognizes, however, that its law of assumpsit evolved in part to prevent defendants' unjust enrichment. See Hong v. Kong, 5 Haw.App. 174, 683 P.2d 833, 841 (1984). It is widely recognized that disgorgement is a remedy intended to prevent a wrongdoer from unjust enrichment. See, e.g., SEC v. Huffman, 996 F.2d 800, 802 (5th Cir.1993); 1 Dan B. Dobbs, Law of Remedies § 4.5(5) (2d ed.1993) (stating that disgorgement is limited to the amount of the unjust enrichment). We therefore hold that the district court did not err in awarding EBI attorneys' fees.
 
 
 19
 We also affirm the district court's award of prejudgment interest to EBI. Hawaii law authorizes the court to award interest commencing with the date the injury first occurred in tort cases, and the date the breach occurred for contract cases. See Haw.Rev.Stat. § 636-16. It is also within the court's discretion to award prejudgment interest where the issuance of the judgment is materially delayed. See Kalawaia v. AIG Haw. Ins. Co., 90 Hawai'i 167, 977 P.2d 175, 180 (1999). The district court found that EBI was injured from January 1996, when the employees first breached their duty of loyalty, through June 1996. Judgment was not entered in this case for four years. Under Hawaii law, the district court has broad discretion in awarding prejudgment interest, and an award must be upheld unless it "clearly exceeded the bounds of reason." Schmidt v. Bd. of Dirs. of Ass'n of Apartment Owners of Marco Polo Apartments, 73 Haw. 526, 836 P.2d 479, 483-84 (1992). This award was not unreasonable.
 
 VI. Appeal Number 01-17307
 
 20
 Appeal number 01-17307 is from the grant of a temporary restraining order that has now expired. The appeal is dismissed as moot. The district court properly denied Kamaaina Pumping, Incorporated's ("KPI") motion to enjoin EBI from future abuse of process. The motion arose from the employees' belated efforts to avoid their individual liability.
 
 CONCLUSION
 
 21
 We hold that the district court properly recognized EBI's claim under Hawaii law for its employees' breach of their duty of loyalty by operating a competing business. The court also properly ordered the employees to disgorge their profits in appeal number 00-15474. The district court's order is AFFIRMED. In appeal number 01-17307, the appeal from the grant of EBI's TRO is DISMISSED AS MOOT. The district court's denial of KPI's motion to enjoin EBI is AFFIRMED.