**KEYSTONE FRUIT MARKETING, INC.; Bob N. Evans, Plaintiffs–counter–defendants–Appellees,**

v.

**William G. BROWNFIELD; Janet H. Brownfield, Defendants–counter–claimants–Appellants,**

and

**Janet M. Clayton, Defendant-counter-claimant,**

v.

**Walla Walla River Keystone, LLC, a Pennsylvania limited liability company; Walla Walla River Farms, LLC, a Washington limited liability company, Third–party–defendant–Appellees.**

Keystone Fruit Marketing,
Inc., Plaintiff–counter–
defendant–Appellant,

and

Bob N. Evans, Plaintiff-
counter-defendant,

v.

William G. Brownfield; Janet H.
Brownfield, Defendants–counter–
claimants–Appellees,

and

Janet M. Clayton, Defendant-
counter-claimant,

v.

Walla Walla River Keystone, LLC, a
Pennsylvania limited liability compa-
ny; Walla Walla River Farms, LLC, a
Washington limited liability company,
Third-party-defendant.

Nos. 08–35576, 08–35598.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 3, 2009.

Filed Nov. 5, 2009.

George Martin Ahrend, William Alick Gilbert, Dano Gilbert & Ahrend PLLC, Moses Lake, WA, for Plaintiff–counter–defendant–Appellee Keystone Fruit Marketing, Inc., Third–Party–Defendants–Appellees Walla Walla River Keystone, LLC, Walla Walla River Farms, LLC.

David Groesbeck, David J. Groesbeck, P.S., Spokane, WA, for Plaintiffs–counter–defendants–Appellees Keystone Fruit Marketing, Inc., Bob N. Evans.

John G. Schultz, Andrea Jean Clare, Leavy Schultz David & Fearing, Kenne-wick, WA, for Defendant–Counter–Claim-ant–Appellant William G. Brownfield, Jan-et H. Brownfield.

John W. Lohrmann, Esquire, Lohrmann Law Offices, Walla Walla, WA, for Janet M. Clayton.

Before: HAWKINS, McKEOWN and BYBEE, Circuit Judges.

## MEMORANDUM *

The facts of this case are well-known to the parties. The district court found, after a non-jury trial, that William Brownfield breached his duty of loyalty to Keystone Fruit Marketing (KFM), his former employer, and that he tortiously interfered with KFM's exclusive marketing contract with a client. At various points in this litigation, the district court also dismissed Brownfield's counterclaim for a 2005 bonus allegedly owed to him, held that Brown-field's customer list was not a trade secret as a matter of law, and declined to award prejudgment interest to KFM on its breach of duty of loyalty and tortious interference claims. Janet and William Brownfield appeal the first three of these rulings, while KFM cross-appeals the last two rulings. We affirm.

### I. APPEAL OF JANET AND WILLIAM BROWNFIELD

The district court properly found that William Brownfield breached his duty of loyalty toward KFM. The undisputed facts demonstrate that while Brownfield was still employed as sales manager of KFM's Walla Walla office, he actively assisted Grigg and Sons, a major KFM client, in severing its exclusive marketing relationship with KFM and setting up a competing marketing firm. These actions closely mirror the paradigm for a breach of loyalty cause of action under the Restatement (Second) of Agency. *See* Re-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

statement (Second) of Agency § 393, cmt. e. (1958) (an employee is "not ... entitled to solicit customers for [a] rival business before the end of his employment[,] nor can he properly do other similar acts in direct competition with the employer's business"); *see generally id.* at § 393 ("Unless otherwise agreed, an agent is subject to a duty not to compete with the principal concerning the subject matter of his agency"). We predict the Washington Supreme Court would follow the Restatement in this instance. *See Kieburtz & Assocs. v. Rehn,* 68 Wash.App. 260, 842 P.2d 985, 988 (1992) ("[Washington] courts have referenced the Restatement (Second) of Agency in many prior cases ... [and] our courts have accepted rules of agency which are similar to the rule outlined in section 393"); *cf. Eckard Brandes, Inc. v. Riley,* 338 F.3d 1082, 1085 (9th Cir.2003) (predicting that Hawaii Supreme Court would adopt rule from Restatement (Second) of Agency since "Hawaii courts have recognized the authoritative nature of the Restatement").

■ The undisputed facts also support the district court's conclusion that Brownfield tortiously interfered with KFM's exclusive marketing agreement with Grigg and Sons. The Washington Supreme Court has identified five elements necessary to a claim for tortious interference with contractual relations or business expectancy: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damages. *Commodore v. Univ. Mech. Contractors, Inc.,* 120 Wash.2d 120, 839 P.2d 314, 322 (1992). Brownfield argues that the undisputed facts of this case do not establish "intentional interference" or "improper purpose or ... means," but this argument lacks merit. Washington case law makes clear that by helping design and working to facilitate a client's departure from KFM while still in KFM's employ, Brownfield "intentional[ly] interfere[d]" for an "improper purpose" within the meaning of the tortious interference cause of action. *See Titus v. Tacoma Smeltermen's Union Local No. 25,* 62 Wash.2d 461, 383 P.2d 504, 507–08 (1963).

Brownfield also argues that his tortious interference was privileged, but the undisputed facts belie any such claim. "The basic issue raised by the assertion of the defense is whether, under the circumstances of the particular case, the interferor's conduct is justifiable, bearing in mind such factors as the nature of the interferor's conduct, the character of the expectancy with which the conduct interferes, the relationship between the various parties, the interest sought to be advanced by the interferor, and the social desirability of protecting the expectancy or the interferor's freedom of action." *Calbom v. Knudtzon,* 65 Wash.2d 157, 396 P.2d 148, 152 (1964). Here, *none* of these factors supports a privilege defense.

■ The district court did not err in excluding the testimony of Brownfield's expert witness or in granting partial summary judgment to KFM with respect to Brownfield's counterclaim for unpaid bonus compensation from 2005. The motion *in limine* was granted because the factual basis for the expert testimony sought to be admitted was insufficient, *see* Fed R. Evid. 702, and partial summary judgment was granted because Brownfield failed to proffer any admissible evidence on the issue of KFM's profits in 2005. *See* Fed R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,*

477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

## II. KFM'S CROSS APPEAL

■ The district court properly ruled that the file "Billscustomerlist.xls" was not a trade secret under Washington's Uniform Trade Secrets Act as a matter of law. Under Washington law, information cannot qualify as a trade secret if the information is "readily ascertainable by proper means." RCW § 19.108.010(4)(a). Brownfield submitted evidence that all the information contained in "Billscustomerlist.xls" was publicly available in well-known trade circulations, and KFM did not submit any evidence to contradict this assertion. There was thus no genuine issue of material fact as to whether the information in the customer list file was readily ascertainable by proper means.

■ Finally, the district court did not abuse its discretion in declining to award prejudgment interest to KFM on its breach of loyalty and tortious interference claims. Washington law allows, but does not compel, an award of prejudgment interest where damages are based on "data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion." *Prier v. Refrigeration Engineering Co.,* 74 Wash.2d 25, 442 P.2d 621, 626 (1968). In this case, the district court exercised discretion in computing KFM's damages for both the breach of loyalty and tortious interference claims, rendering prejudgment interest unavailable under Washington law. Moreover, even if prejudgment interest were available, the district court did not abuse its discretion in declining to award such interest. *See Champion Pro-*

*duce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1020 (9th Cir.2003).

**AFFIRMED.**