NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEREK E. GRONQUIST, <br><br>       Plaintiff-Appellant, <br><br>   v. <br><br> KELLON CUNNINGHAM; et al., <br><br>       Defendants-Appellees. | No.   16-35501 <br><br> D.C. No. 4:15-cv-05008-EFS <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted September 27, 2018[**]

Before:    TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Washington state prisoner Derek E. Gronquist appeals pro se from the`

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

and state law claims arising from defendants' rejection of incoming mail and

responses to his public records requests.  We have jurisdiction under 28 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment on Gronquist's claim brought under the Washington Public Records Act ("PRA"). The defendants submitted a declaration and reliable, reasonably detailed evidence showing that they conducted an adequate search for responsive documents. *See Neighborhood All. of Spokane Cty. v. Spokane County*, 261 P.3d 119, 128 (Wash. 2011) (setting forth requirements for demonstrating adequacy of a search for documents under the Washington Public Records Act). A PRA search need not be perfect in result, only "reasonably calculated to uncover all relevant documents" from "places where they are reasonably likely to be found." *Alliance v. Cnty. of Spokane*, 172 Wn. 2d 702, 720 (2011).

Contrary to Gronquist's contention, his prior ten-year old state court action involving different parties and circumstances does not preclude litigation of the adequacy of defendants' search in this case. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 373–74 (1996) (federal courts apply state law when determining whether a prior state court judgment precludes relitigation of an

issue); *Christensen v. Grant Cty. Hosp. Dist. No. 1*, 96 P.3d 957, 960–61 (Wash. 2004) (setting forth elements of collateral estoppel under Washington law).

The district court properly granted summary judgment on both Gronquist's facial and as-applied constitutional challenges to the laws and regulations governing prison mail because Gronquist failed to raise a genuine dispute of material fact as to whether the rejection of his incoming mail was not reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison regulation that "impinges on inmates' constitutional rights" is valid "if it is reasonably related to legitimate penological interests"); *Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004) (*Turner* analysis applies to facial overbreadth and vagueness challenges to regulation of prison mail, in addition to as-applied challenges). As the district court noted, had he requested this information about Kellon Cunningham in a pending lawsuit, he might well have been entitled to it pursuant to discovery, but no lawsuit was pending.

The district court properly granted summary judgment on Gronquist's retaliation claim because Gronquist failed to raise a genuine dispute of material fact as to whether defendants took any adverse action against him. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (elements of a retaliation claim in the

prison context).  The adverse actions of which he complains involved disciplinary actions taken against other inmates, not Gronquist.  Also, calling him a "fucking rat" although improper does not constitute an "adverse action."  *See Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987).  Neither does his transfer more than a year after he filed his initial grievances to a different cell.  S*ee also Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (elements for supervisory liability under § 1983); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001) ("Department administrators are liable in their official capacities only if policy or custom played a part in the violation.").

The district court properly denied Gronquist's motion to remand because defendants' notice of removal of Gronquist's action from state to federal court was timely.  *See* 28 U.S.C. § 1446(b)(1) (notice of removal must be filed within 30 days after the receipt by defendant of the initial pleading); Fed. R. Civ. P. 6(a) (computation of time); Fed. R. Civ. P. (a)(1)(C) ("[I]f the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *Murphy Bros., Inc. v. Emrich v. Touche Ross & Co*., 846 F.2d 1190, 1194 (9th Cir. 1988) (standard of review).

Because certification was not necessary to resolve the questions of law, the

16-35501

district court did not abuse its discretion in denying Gronquist's motion to certify questions to the Washington Supreme Court. *See* Wash. Rev. Code Ann. § 2.60.020; *Syngenta Seeds, Inc. v. County of Kauai*, 842 F.3d 669, 674 (9th Cir. 2016) (standard of review); *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003) (decision to certify rests in the sound discretion of the district court).

Contrary to Gronquist's argument that he was denied fair notice of the rules and procedures pertaining to summary judgment and an opportunity to be heard, the record shows that both the district court and defendants served Gronquist with contemporaneous notice of the requirements of summary judgment set forth in *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (facts not presented to the district court are not part of the record on appeal).

**AFFIRMED.**