**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1071-18T1

ALL GRANITE AND
MARBLE CORP.,

     Plaintiff-Appellant,

v.

ROBERT DEJA,

     Defendant/Third-Party
     Plaintiff-Respondent,

and

MARIAN SIERPINSKI,
DARIUS PARDA, and THE
GRANITE TOPS, LLC,

     Defendants/Third-Party
     Plaintiffs,

v.

JAROSLAW WOJTACH,

     Third-Party Defendant.

_____

Argued November 13, 2019 – Decided December 24, 2019

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7854-16.

Santo J. Bonanno argued the cause for appellant.

Steven Pontell argued the cause for respondent (Verde, Steinberg & Pontell, LLC, attorneys; Steven Pontell and Martine Pierre-Paul, on the brief).

PER CURIAM

Plaintiff, a provider of custom stone products, appeals from a Law Division order granting the summary judgment dismissal of its lawsuit against defendants, including defendant Robert Deja, a former employee who formed a company – before leaving plaintiff's employ – that would later compete with plaintiff. The principal claim against Deja was that he was a "faithless servant," who breached his "duty of loyalty" to plaintiff. The motion judge based her dismissal decision on plaintiff's failure to present any competent evidence of damages. The judge also dismissed Deja's counterclaim on the same basis.

This appeal followed, with plaintiff contending it was not required to present evidence of damages in order to proceed with its faithless servant claim. While we agree with plaintiff on this point, we nevertheless conclude summary

2

judgment was properly granted.[1] Because the record lacks sufficient competent evidence to support plaintiff's claim that Deja was a disloyal servant, we affirm.

I.

Plaintiff maintains six locations throughout New Jersey, New York and Pennsylvania. Third-party defendant Jaroslaw Wojtach owns plaintiff, a New Jersey corporation he established in 1997. In 2004, Deja began working for plaintiff as a salesperson. Deja next worked in the production office and then the marketing department, eventually becoming a general manager. He estimated his final salary was between $50,000 and $60,000 per year. Deja estimated plaintiff employed "approximately 200 [to] 300 employees" during his employment. In July 2018, Deja's competing entity, third-party plaintiff The Granite Tops, LLC (Granite Tops), employed twenty-four individuals.

Plaintiff certified it required its employees sign a confidentiality and non-disclosure agreement. Deja acknowledged this practice but testified he never entered into the agreement. Deja further claimed he told Wojtach the agreement was "not enforceable" because plaintiff's employees received no new

---

[1] "[W]e review orders and not, strictly speaking, reasons that support them. We have held, in other contexts, that a correct result, even if predicated on an erroneous basis in fact or in law, will not be overturned on appeal." El-Sioufi v. St. Peter's University Hosp., 382 N.J. Super. 145, 169 (App. Div. 2005).

consideration for signing the agreement. Despite being unable to produce the agreement at the close of written discovery, plaintiff alleged Deja did in fact sign the agreement. Plaintiff eventually produced the agreement, along with the report of a forensic document examiner, who concluded Deja signed the agreement.

The confidentiality and non-disclosure agreement contains rudimentary confidential information restrictions, including the following relevant provisions:

> k. 'Non-Competition' means that during [Deja's] period of employment with [plaintiff], no actions that would be considered as a conflict of interests shall be taken by [Deja], including but not limited to countertop removal, customer and industry information, use of personal business cards, providing similar services;
>
> l. 'Non-Solicitation' means that during the period of [Deja's] employment with [plaintiff] and for a period of two years following the termination of [Deja's] employment, regardless of the reason for termination, [Deja] shall not, directly or indirectly:
>
> i.     induce or encourage any employee of [plaintiff] to leave the employ of [plaintiff],
>
> ii.    hire any individual who was an employee of [plaintiff] as of the date of [Deja's] termination of employment or within a six month period prior to such date,
>
> iii.   induce or encourage any customer, client, supplier or other business relation of [plaintiff] to cease or reduce doing business with [plaintiff], or in any way

4

> interfere with the relationship between any such customer, client, supplier or other business relation and [plaintiff].

On November 8, 2013, Deja went on maternity leave. While on leave, he decided to terminate his employment with plaintiff due to an alleged abusive work environment and his longstanding desire to start his own business. Deja immediately took steps in that regard, incorporating Granite Tops on November 13, 2013 and registering a related domain name in December 2013. Defendants Marian Sierpinski, a cousin of Deja, and Darius Prada, a friend of Sierpinski, provided all of Granite Tops' initial capital.

On January 13, 2014, Deja returned from maternity leave and requested Wojtach meet with him to discuss his resignation. At the meeting, Deja expressed his desire to start his own business and his readiness to move on. According to Deja, Wojtach "was very positive" and said "there [are] enough jobs for everybody." Deja resigned the same day. According to Deja, Wojtach echoed those sentiments when the two spoke again a few months later.

On March 11, 2014, Granite Tops first purchased stone products for its inventory. One week later, Granite Tops began work on its first installation of custom stone product.

A-1071-18T1

In November 2016, plaintiff filed suit against Deja and Granite Tops, alleging five causes of action: 1) breach of the duty of loyalty; 2) faithless servant; 3) conversion; 4) tortious and unlawful interference with prospective economic advantage; 5) violation of the New Jersey Uniform Trade Secrets Act, N.J.S.A. 56:15-1 et seq. Plaintiff then filed an amended complaint, adding Sierpinski and Prada as defendants, and alleging all defendants engaged in a civil conspiracy to tortuously interfere with plaintiff's prospective economic advantage.

Relevant to this appeal, plaintiff alleged Deja breached his duty of loyalty by "misappropriating [plaintiff's] confidential and proprietary information to improperly compete with [plaintiff], and by soliciting [plaintiff's] employees to leave . . . ." Regarding the faithless servant claim, plaintiff alleged Deja "was a deliberately disloyal employee" for the same reasons he breached his duty of loyalty to plaintiff. Plaintiff sought $17,900,000 in damages.

Defendants filed an answer to the amended complaint, a counterclaim, and a third-party complaint against Wojtach. In April 2018, the parties deposed Wojtach, who required a Polish interpreter. When questioned regarding Deja's alleged misappropriation of proprietary information, Wojtach was unable to provide any evidence to substantiate plaintiff's claims.

Similarly, when questioned regarding Deja's alleged solicitation of plaintiff's employees, Wojtach was unable to answer whether any of plaintiff's former employees, now working for Deja, were under his employ at the time of – or six months prior to – Deja's resignation. Plaintiff's answer to interrogatories referred to a picture of Granite Tops' employees, asserting some of the individuals depicted were its former employees; however, its "representatives [did] not recall the names of the solicited employees." Wojtach was questioned regarding the picture at his deposition,

Q:    What is it?

A:    These are my employees.

Q:    Current employees?

A:    My former employees.

Q:    Do you know if any of these employees were solicited by Mr. Deja?

A:    I didn't see that.

Q.    You didn't see what?

A:    I didn't see him soliciting them.

Q:    Do you have any facts to support a claim that any of these employees were solicited by Mr. Deja to leave the employ of your company?

A:    I don't know anything about that.

A-1071-18T1

At the close of discovery, defendants filed the motion under review, seeking an order dismissing plaintiff's claims with prejudice. In addition to denying plaintiff's allegations of wrongful conduct, defendants asserted plaintiff failed to produce any proof of damages proximately caused by them. In response, plaintiff and Wojtach filed a cross-motion for summary judgment, seeking dismissal of defendants' counterclaim and third-party complaint.

At oral argument on the motions, the judge and counsel quickly turned their attention to the issue of damages. When asked what proofs it would present at trial, plaintiff responded it would establish damages by calling its in-house counsel and a certified public accountant, in addition to relying on Deja's deposition testimony regarding Granite Tops' tax returns.

Following oral argument, the judge rendered an oral decision, granting summary judgment in favor of defendants and dismissing all of plaintiff's claims, citing plaintiff's failure to present any competent evidence of its claimed damages. The judge also dismissed defendants' counterclaim and third-party complaint for lack of competent damage evidence. This appeal followed.

II.

We review a grant of summary judgment under the same standard that governs the trial court. Henry v. Dept. of Human Services, 204 N.J. 320, 330

(2010). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). There is a genuine issue of material fact precluding summary judgment when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

On appeal, plaintiff correctly contends it was not required to prove proof of damages to defeat summary judgement because the remedy of equitable disgorgement is available, even absent a finding that the employer sustained economic loss due to the actions taken by a disloyal employee. See Kaye v. Rosefielde, 223 N.J. 218, 236 (2015) ("an employer may seek disgorgement of a disloyal employee's compensation as a remedy for the breach of the duty of loyalty, with or without a finding of economic loss.").

Nevertheless, plaintiff failed to present sufficient evidence to support its claim that Deja breached his duty of loyalty. Defendants argue plaintiff only appealed from the dismissal of its faithless servant action against Deja and,

therefore, any contentions related to the dismissal of its breach of loyalty action are improper. See R. 2:5-1(e)(3)(i). However, in assessing a claim that a former employee was a faithless servant, our courts apply a breach of loyalty analysis. See Kaye, 223 N.J. at 228-29 (finding a former employee was an unfaithful servant by breaching the duty of loyalty owed to his employer).

The common law duty of loyalty does not require any written or oral agreement to take effect. "Loyalty from an employee to an employer consists of certain very basic and common-sense obligations. An employee must not while employed act contrary to the employer's interest." Lamorte Burns & Co. v. Walters, 167 N.J. 285, 302 (2001) (citing Chernow v. Reyes, 239 N.J. Super. 201, 204 (App. Div. 1990)). "[A]lthough an employee has the right to make preparations to start a competing business, the employee may not breach the undivided duty of loyalty he or she owes to his or her employer while still employed by soliciting the employer's customers or engaging in other acts of secret competition." Id. at 303 (citing Platinum Management, Inc. v. Dahms, 285 N.J. Super. 274, 295 (Law Div. 1995)). In addition, employees generally should inform their employers of plans to establish an independent business that might compete with that employer. Cameco, Inc. v. Gedicke, 157 N.J. 504, 517 (1999).

The "egregiousness of the employee's conduct" affects the determination of whether a breach occurred. Ibid.

In Cameco, our Supreme Court recognized the fact-specific nature of a breach of loyalty analysis, explaining "[t]he scope of the duty of loyalty that an employee owes to an employer may vary with the nature of their relationship. Employees occupying a position of trust and confidence, for example, owe a higher duty than those performing low-level tasks." Id. at 516. The Court identified four factors relevant to determining whether an employee breached his or her duty of loyalty:

> 1) The existence of contractual provisions relevant to the employee's actions; 2) the employer's knowledge of, or agreement to, the employee's actions; 3) the status of the employee and his or her relationship to the employer, e.g., corporate officer or director versus production line worker; and 4) the nature of the employee's [conduct] and its effect on the employer.
>
> [Kaye, 223 N.J. at 230 (2015) (alteration in original) (citing Cameco, 157 N.J. at 521-22)]

Here, viewing the evidence in the light most favorable to plaintiff, there are no genuine issues of material fact as to whether defendant was a faithless servant. Addressing the first factor – the existence of a contractual provision relevant to the employee's actions – Deja's actions do not weigh in favor of finding a breach of loyalty. Assuming Deja signed the confidentiality and non-disclosure agreement, nothing in the agreement proscribes the actions taken by

11

Deja. The "non-competition" provision does not prohibit an employee from taking steps to form their own business. Furthermore, Deja never planned to operate his business while he was employed by plaintiff. Plaintiff also failed to present any evidence that Deja solicited any of its employees, as prohibited by the agreement, to refute Deja's certification that he did not solicit plaintiff's employees.

Turning to the second factor – the employer's knowledge of, or agreement to, the employee's actions – Deja testified he informed plaintiff about his plans to start his own custom stone products business and that Wojtach wished him well. Plaintiff did not refute Deja's account.

Addressing the third factor – the status of the employee and his or her relationship to the employer – Deja finished with the title of general manager and held two other mid-level positions during his time in plaintiffs employ. Deja's position allowed him to acquire knowledge of plaintiff's operational procedures, but no more than any other employees of plaintiff.

Turning to the fourth and final factor – the nature of the employees conduct and its effect on the employer – Deja certified that he did not steal any of plaintiff's proprietary information nor did he solicit its employees or customers. Plaintiff again failed to present any evidence to the contrary. The

evidence presented established that Deja took steps to form his own business while still employed with plaintiff. Nothing in the employee agreement or the applicable rules of law prevented Deja from doing so. We are satisfied the four Cameco factors do not support a finding that Deja breached the duty of loyalty he owed plaintiff.

In sum, Deja signed a non-competition agreement, but the agreement did not prohibit him from taking steps to start his own business. Plaintiff failed to show that Deja solicited any of its employees, as prohibited by the agreement. Plaintiff also did not show that Deja interfered with any of plaintiff's contracts. Moreover, there was no evidence that Deja misappropriated any confidential information. The record before the motion judge, when viewed in the light most favorable to plaintiff, did not establish a genuine dispute of fact as to whether Deja was a faithless servant while employed by plaintiff.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1071-18T1