UWE H. H. SCHULZ, Plaintiff, *v.* HONSADOR, INC., a Hawaii corporation, Defendant and Third-Party Plaintiff-Appellee, *v.* REPUBLIC CORPORATION, a California corporation, and CONSTRUCTION MATERIAL SUPPLIERS, a California corporation, Third-Party Defendants-Appellants

NO. 9599

(CIVIL NO. 5408)

NOVEMBER 8, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Third-Party Defendants-Appellants Republic Corporation (Republic) and Construction Material Suppliers (CMS) appeal from an order of the circuit court which denied their post-judgment motion for taxation of attorney's fees against Third-Party Plaintiff-Appellee Honsador, Inc. (Honsador). The court concluded that the third party action brought by Honsador against Republic and CMS was not in the nature of assumpsit but, rather, in the nature of negligence, and therefore held that Republic and CMS could not avail themselves of Hawaii Revised Statutes (HRS) § 607-14 (1976), which authorizes the assessment of attorney's fees

to the prevailing party only in assumpsit cases.[1] We think the circuit court was wrong in its characterization of the nature of the suit and we therefore reverse.

## I.

Plaintiff Uwe Schulz is an architect who purchased certain construction materials from Honsador in 1979 for use in the construction of his own home in Lahaina, Maui. After experiencing unsatisfactory results with the materials,[2] Schulz filed suit against Honsador. The complaint set forth two counts. The first alleged that Honsador had impliedly warranted the materials to be fit for Schulz's intended purpose, but that the materials were in fact defective. The second count alleged that Honsador was negligent in failing to warn Schulz of the dangers involved in the use of the materials.

Honsador then filed a third-party complaint against CMS, from whom it had purchased the materials, and Republic, the manufacturer. The third-party complaint alleged that the materials were defective and alleged that if Honsador was found liable to Schulz "for any reason" then Honsador would be entitled to recover from CMS and Republic. The third-party complaint did not allege that CMS and/or Republic were negligent for failure to warn of dangers associated with use of the materials, nor that they breached any implied warranty of fitness for a particular purpose. Rather, the third-party complaint alleged only that the materials sold to Honsador were defective — which implies a breach of warranty of merchantability — and stated a general claim for indemnification.

---

[1] HRS § 607-14 (1976) provides as follows:

Attorneys' fees in actions in the nature of assumpsit. In all the courts, in all actions in the nature of assumpsit there shall be taxed as attorneys' fees, in addition to the attorneys' fees otherwise taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, a fee which the court determines to be reasonable . . . .

[2] The product involved in this case is metal corner bead, which is used to form a hard, smooth corner where sheets of drywall are joined in constructing interior walls. Here, the corner bead rusted after installation, causing it to lift from the drywall and discolor surface paint.

The case was tried before a jury which received instructions regarding both warranty and negligence theories. The jury returned a verdict in favor of Schulz against Honsador and found that Schulz and Honsador were each 50% negligent. The jury also found that Honsador was not entitled to recover from either CMS or Republic.

CMS and Republic then moved to tax attorney's fees against Honsador under HRS § 607-14. After a hearing on the motion, the court ruled that because the jury verdict included a finding that Schulz and Honsador were both partly negligent, the action was not in the nature of assumpsit and § 607-14 was inapplicable. CMS and Republic then brought this appeal.

## II.

### A.

Assumpsit is a common law form of action which allows for the recovery of damages for the non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations. *See* 1 Am. Jur. 2d *Actions* § 11 (1962). The original version of § 607-14 applied to all actions of assumpsit,[3] but with the adoption of modern rules of civil procedure in Hawaii it was no longer necessary to plead specific legal theories and all forms of action were merged into the "civil action." Accordingly, the statute was amended so as to provide for attorney's fees in all actions in the *nature* of assumpsit. Act 88, § 5(q), 1972 Haw. Sess. Laws 325, 337.

---

[3] The original version of the statute was enacted in 1872 by King Kamehameha V and the Legislature of the Kingdom of the Hawaiian Islands. It read as follows:

In all the Courts of this Kingdom, in all actions of assumpsit there shall be taxed as attorneys' fees, in addition to the attorney's fees now taxable by law, to be paid by the losing party and to be included in the sum for which execution may issue, ten percent on all sums to one hundred dollars, and two and one-half percent in addition on all sums over one hundred dollars, to be computed on the excess over one hundred dollars. The above fee shall be assessed on the amount of the judgment obtained by the plaintiff and upon the amount sued for, if the defendant obtain judgment.

Act 29, § 5, 1872 Haw. Sess. Laws 25, 26.

An action for breach of warranty clearly is in the nature of assumpsit, inasmuch as a warranty arises from the contractual relationship between buyer and seller, and a breach of warranty constitutes a breach of contract. *Au v. Au,* 63 Haw. 210, 219, 626 P.2d 173, 180 (1981).

### B.

The question of how to determine the nature of an action has arisen in other contexts. For example, in deciding which statute of limitation applies to an action we said that "[t]he nature of the right or claim is determined from the allegations contained in the pleadings." *Au v. Au, supra,* 63 Haw. at 214, 626 P.2d at 177.

> As a general proposition, the character of an action is determined from the facts stated in, and the issues raised by, the plaintiff's complaint, declaration, or petition. It is determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.

63 Am. Jur. 2d *Products Liability* § 906 (1984). We think this holds true in the present context.

Schulz's complaint is based on breach of warranty and negligence, and therefore combines assumpsit and non-assumpsit claims.

### C.

The nature of Schulz's action against Honsador may, of course, be different from that of Honsador's action against CMS and Republic. However, Honsador's third-party complaint incorporates Schulz's complaint by reference, and alleges that Honsador is entitled to recover from CMS and Republic if it is found liable to Schulz "for any reason." The third-party complaint also contains a specific allegation that the goods sold to Honsador were defective, implying a breach of warranty of merchantability. Under these circumstances, we conclude that Honsador alleged a bona fide contract claim against CMS and Republic, and the third-party action therefore is in the nature of assumpsit.

## D.

The burden is on the party opposing the taxation of fees under § 607-14 to show that an assumpsit claim was not actually litigated. No such showing has been made by Honsador in this case. To the contrary, the record reveals that numerous instructions were given to the jury regarding warranty claims, indicating these claims were genuine.

We do not find merit as to the other issues raised in this appeal.

Reversed and remanded for further proceedings consistent with this opinion.

*Dennis Niles (Shelby A. Floyd* with him on the briefs, *Paul, Johnston & Alston,* of counsel) for Third-Party Defendants-Appellants.

*Susan Oki Mollway (William M. Swope* with her on the brief, *Cades, Schutte, Fleming & Wright)* for Defendant and Third-Party Plaintiff-Appellee.