MATTHEW HARRELL, Plaintiff-Appellant/Cross-Appellee,
v.
MRC, INC.; MICHAEL CHU, President of MRC, INC., Defendants-Appellees/Cross-Appellants.
No. 28143.
Intermediate Court of Appeals of Hawaii.
September 12, 2008.
On the briefs:
Andre' S. Wooten for Plaintiff-Appellant/Cross-Appellee.
Rodney Uchida for Defendant-Appellee/Cross-Appellant MRC, Inc.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Defendant-Appellee/Cross-Appellant MRC, Inc. (MRC) appeals from the September 5, 2006 Order Denying Defendant's Motion For Attorney's Fees and Costs filed in the District Court of the First Circuit (district court).[1]
Plaintiff-Appellant/Cross-Appellee Matthew Harrell filed a complaint in the district court alleging that MRC and its president, Michael Chu,[2] (collectively, Defendants) improperly performed roofing work on his condominium unit. The complaint alleged that Harrell suffered financial loss as a result of Defendants' negligence, breach of contract, breach of express and implied warranties, and strict or nuisance liability. After Harrell presented his case-in-chief at trial, the district court granted MRC's oral motion to dismiss. However, the court denied an oral motion by defense counsel for attorneys' fees and costs, and directed that the parties would bear their own fees and costs. Subsequently, MRC filed a written motion seeking attorneys' fees pursuant to Hawaii Revised Statutes (HRS) §§ 607-14 (Supp. 2007) and 607-14.5 (Supp. 2007), and costs pursuant to the District Court Rules of Civil Procedure (DCRCP) Rule 54(d) and HRS § 607-9 (1993). The district court entered the Judgment in favor of Defendants on August 14, 2006, and the order denying MRC's written motion for attorneys' fees and costs on September 5, 2006.
On appeal,[3] MRC contends that "the district court erred in denying MRC's written motion for attorney's fees and costs."
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve MRC's point of error as follows:
(1) The district court abused its discretion in denying MRC's request for attorneys' fees. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai`i 92, 105, 176 P.3d 91, 104 (2008) ("The [trial] court's grant or denial of attorneys' fees and costs is reviewed under the abuse of discretion standard.") (citation omitted). HRS § 607-14 (Supp. 2007) provides that reasonable attorneys' fees "shall" be awarded to the prevailing party "in all actions in the nature of assumpsit[.]" Although Harrell's complaint alleged that MRC was liable in tort as well as for breach of contract and warranty, we conclude, based on our review of the entire record,[4] that this was an action in the nature of assumpsit. See Blair v. Ing., 96 Hawai`i 327, 332, 31 P.3d 184, 189 (2001) ("Where there is doubt as to whether an action is in assumpsit or tort, there is a presumption that the suit is in assumpsit."); Schulz v. Honsador, Inc., 67 Haw. 433, 436, 690 P.2d 279, 282 (1984) ("[a]n action for breach of warranty clearly is in the nature of assumpsit"), overruled on other grounds by Blair, 96 Hawai`i at 331 n.6, 31 P.3d at 188 n. 6. Moreover, MRC was the prevailing party. See Ranger Ins. Co. v. Hinshaw, 103 Hawai`i 26, 31, 79 P.3d 119, 124 (2003) (stating that the litigant in whose favor judgment is rendered is usually the prevailing party). Accordingly, MRC was entitled to recover its attorneys' fees under HRS § 607-14.
HRS § 607-14 caps the award of attorneys' fees at twenty-five percent of "the amount sued for if the defendant obtains judgment." See Stanford Carr Dev. Corp. v. Unity House, Inc., 111 Hawai`i 286, 307, 141 P.3d 459, 480 (2006) (holding that award of fees in favor of defendant based upon twenty-five percent of damages alleged by plaintiff was within the statutory limitation). The cover sheet to the complaint filed by Harrell in the district court indicates that Defendants caused property damage in the amount of $20,000. Accordingly, we conclude that any award of attorneys' fees in this case is subject to a cap of $5,000. However, the district court here made no findings as to the reasonableness of MRC's requested fees. See HRS § 607-14 ("The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; . . . "). Accordingly, we remand so that the district court can determine the reasonable amount of attorneys' fees to be awarded to MRC.
(2) The district court abused its discretion in denying costs. The district court provided no explanation at trial for its denial of defense counsel's oral request for costs. In the September 5, 2006 order denying MRC's written motion for fees and costs, the district court "adopt[ed]" the arguments made by Harrell in his opposition memorandum. In that memorandum, Harrell generally argued that MRC had increased the expense of litigating the case by removing it to circuit court, before agreeing to a remand, but provided no specific argument with regard to each element of the costs requested by MRC.
While the circumstances of the removal and subsequent remand may justify a denial of some of the costs sought by MRC, such as the cost of the "jury demand" identified in MRC's Bill of Costs, the district court did not adequately explain how those circumstances would provide a basis for denying all costs to MRC. HRS § 607-9; DCRCP Rule 54(d); Wong v. Takeuchi, 88 Hawai`i 46, 52, 961 P.2d 611, 617 (1998) (observing that Hawai`i Rules of Civil Procedure Rule 54(d), which is identical to DCRCP Rule 54(d), "creates a strong presumption that the prevailing party will recover costs . . . . the court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record") (citation omitted). Accordingly, the district court's September 5, 2006 order is "vacated, and this case is remanded for . . . further proceedings [to make] a determination as to whether costs should be awarded pursuant to [DCRCP] Rule 54(d), as defined by HRS § 609-7, and if costs are denied, a recitation of adequate reasons for the denial[.]" Hinshaw, 103 Hawai`i at 34, 79 P.3d at 127.
Therefore, we vacate the September 5, 2006 Order Denying Defendants' Motion For Attorney's Fees and Costs filed in the District Court of the First Circuit, and remand this case for further proceedings consistent with this order.
NOTES
[1] The Honorable David W. Lo presided.
[2] At the beginning of trial, counsel for Defendants noted on the record that Chu had been dismissed, and the district court acknowledged that dismissal.
[3] Harrell's appeal from the August 14, 2006 judgment was dismissed by this court on June 1, 2007. Therefore, MRC's cross-appeal from the September 5, 2006 order denying attorneys' fees and costs is the only appeal remaining for disposition.
[4] Counsel for Harrell argued at trial that Harrell was a third party beneficiary of a warranty contained in a contract between MRC and the owners' association at Harrell's condominium.